WORLD AMUSEMENT SERVICE ASSOCIATION, INC., Appellant, vs. FOND DU LAC LODGE No. 281, L. O. O. M., and others, Respondents.

*May 11—June 18, 1928.*

For the appellant there was a brief by *Jacobson & Malone* of Waukesha, and oral argument by *M. A. Jacobson*.

*L. E. Lurvey* of Fond du Lac, for the respondents.

CROWNHART, J.   The trial court sustained both defenses of the defendant.   The defendant is a fraternal corporation, organized under ch. 188 of the Statutes.   Sec. 188.01 provides that the lodge—

"may assemble at their usual place of meeting and, in pursuance of the rules of their society, elect not less than three nor more than nine of their number trustees to take care of the property, real and personal, belonging thereto and transact all the business relative to the investment and disposal thereof."

Sec. 188.02 provides:

"Such trustees may have a common seal and alter the same at pleasure, and for all purposes for which they are authorized to act shall be deemed a corporation, and in pursuance of the rules and regulations of such society and in conformity with the rules and regulations of the grand lodge, division or society from which they derive their charter may take possession of, manage, control, purchase, lease, receive, recover, hold, sell, convey, mortgage, demise and improve all the property thereof or necessary therefor, real and personal, including all burial places belonging thereto, erect and keep in repair all buildings necessary therefor, and may sue and be sued in all matters pertaining to such property and the debts, claims, demands and liabilities thereof, and the name in which they shall sue or be sued shall be, 'Trustees of . . . ' (name the grand lodge, lodge, division, grange or society of which they are trustees)."

The note in question, the trial court found, was signed by defendant lodge, by its trustees as such, without other authority of the lodge than the statutes quoted.   Plainly, no authority is given by statute for the trustees of the lodge to do business for the lodge generally.   They are a body corporate "for all purposes for which they are authorized to

act," and they are authorized to act by statute only to "take possession of, manage, control, purchase, lease, receive, recover, hold, sell, convey, mortgage, demise and improve all the property thereof or necessary therefor," and this only "in pursuance of the rules and regulations of such society and in conformity with the rules and regulations of the grand lodge."

The alleged consideration of the note grew out of an indebtedness incurred by the plaintiff and the defendant lodge in jointly putting on a "circus" in the city of Fond du Lac, out of which the lodge was led to believe it would largely profit without possibility of loss. Instead, the venture proved a failure and the plaintiff paid the losses and secured the note here in suit for one half of such losses. The defendant, by its answer, denied the authority of the trustees to sign the note. The plaintiff contends that that made it incumbent on the defendant to prove such lack of authority. We do not so understand the law. That would be true in a business corporation where the trustees acted within line of their apparent authority for the benefit of the corporation. That is not the situation here. The trustees did not act for the lodge in the venture. That was done by others under direct authority of a vote of the members. The lodge cannot be said to be organized for business purposes or for the purpose for which the note was given. They had no apparent authority to settle debts incurred by the lodge itself. The defendant having put the authority of the trustees in issue by its answer, the burden fell on plaintiff to prove their authority. 21 Ruling Case Law, p. 853 *et seq.*

The defendant, however, made proof that its trustees had not been given any authority by defendant to sign the note on behalf of the lodge. Plaintiff objected to the testimony of the secretary in that regard because it was not the best evidence. The secretary had the records of the defendant with him and testified that they contained no evidence of

authority for the trustees to bind the lodge in any manner. It is entirely proper to prove the lack of authority in such manner. The court cannot be required to search through the records for the evidence. It was the duty of the plaintiff to examine the records and show such authority if it existed.

Plaintiff contends that the defendant ratified the action of the trustees in signing the note, in that it accepted the benefits therefrom. It was not shown that the lodge as such ever had any knowledge of the action of the trustees or that it received any benefits from such acts.

The trial court found that the trustees assumed no personal liability on the note, and no criticism is made of that finding.

This holding makes it unnecessary to consider the other questions raised.

*By the Court.*—The judgment of the circuit court is affirmed.